FILED

SEP - 9 2026

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 26-cr-40051-SMY |
| | ) | |
| STEVEN WILSON, | ) | Title 18, United States Code, |
| | ) | Sections 241 and 242. |
| Defendant. | ) | |

## INDICTMENT

**THE GRAND JURY CHARGES:**

### COUNT 1
**Conspiracy Against Rights**
**18U.S.C. § 241**

At all times relevant to this indictment:

**Introduction and Relevant Background**

1. Lawrence Correctional Center was a maximum-security state prison operated by the Illinois Department of Corrections (IDOC) in Sumner, Lawrence County, within the Southern District of Illinois.

2. Defendant **STEVEN WILSON** was an employee of the IODC assigned to Lawrence Correctional Center, acting under color of law in his capacity as Correctional Sergeant with custody and control over inmates, including inmate C.W., within the meaning of 730 ILCS 5/3-1-2(d-5).

3. Correctional Officers were responsible for maintaining order, performing security and custodial duties, accurately documenting incidents involving staff or inmates, and ensuring the safety of inmates and staff.

4. Correctional Sergeants, such as **STEVEN WILSON**, supervised inmate conduct,

maintained facility standards, ensured compliance with disciplinary procedures and use-of-force policies, accurately documented incidents, and were responsible for the safety of inmates and staff.

5. Correctional Lieutenants supervised and counseled staff, inspected housing units, managed issues involving staff and inmates, accurately documented incidents, and were responsible for the safety of inmates and staff.

6. C.W. was an inmate confined at Lawrence Correctional Center and under the care, custody, and control of the IDOC.

**The July 31, 2025, Incident**

7. On or about July 31, 2025, inmate C.W. had a verbal exchange with IDOC Counselor T.F. in the "2-house" housing unit at Lawrence Correctional Center. During the exchange C.W. raised his voice and approached T.F. Sergeant D.B. intervened and C.W. bumped into D.B. D.B. called a "Code 1" over the radio for staff in distress. C.W. went to the floor face down and D.B. handcuffed C.W. behind his back.

8. In response to the Code 1, Emergency Response Team members responded to "2-house" and placed leg restraints on C.W. and restrained him in a transport chair with his hands cuffed behind his back and legs restrained for transport to the restrictive housing unit.

9. During the process of restraining C.W. for placement in the restraint chair, defendant **WILSON** struck C.W. twice in the body, causing bodily injury.

10. During transport, employees discussed a rumor and mistaken belief that C.W. had assaulted female Counselor T.F.

11. The transport route required passage through the medical building, including interlock areas between sets of doors, known by IDOC employees to lack camera coverage. In such an interlock defendant **WILSON** punched inmate C.W. in the face and body, causing bodily

injury.

12. While being transported from the medical building to the segregation unit, co-conspirator Dalton Shadle struck C.W. in the head, causing bodily injury.

13. At the medical station, employees accompanying C.W., falsely informed nurses that C.W. declined medical attention, despite knowing he had been struck, without asking him if he wanted medical attention or allowing him to speak and rushed him through without evaluation to avoid documentation of injuries and to proceed without delay or accountability.

14. Upon arrival at segregation, C.W. was taken to a medical examination room known by IDOC employees to lack camera coverage.

15. In that room, while C.W. remained restrained in the transport chair and wearing a spit hood over his head—covering his eyes, nose and mouth—multiple employees, including defendant **WILSON**, and co-conspirators Craig Muhs, Dalton Shadle, Ethan Yates, Daniel Fitzjarrald, and Jesse Newkirk, struck C.W. repeatedly in the head, face, and body with fists and elbows.

16. In the medical room, defendant **WILSON** held C.W.'s head up and stated words to the effect of, "You're going to take this like a man" while participating in the strikes.

17. In the medical room, co-conspirator Dalton Shadle sprayed pepper spray on C.W.'s crotch.

18. In the medical room, co-conspirator Jesse Newkirk poured water over the spit hood covering C.W.'s face, causing C.W. to experience a sensation of asphyxiation and impending death, and struck C.W. in the head.

19. The assaults resulted in bodily injury to C.W., including a fractured orbital bone requiring surgical reconstruction.

**Cover-Up and Concealment**

20. According to IDOC policy, correctional employees are required to write an incident report that completely and accurately documents any unusual incidents that they observe or that are reported to them, including disturbances or the use of force.

21. Defendant **WILSON**, along with other co-conspirators, failed to submit incident reports documenting the uses of force against C.W.

22. In or about August 2025, during interviews with Illinois State Police, defendant **WILSON** and other co-conspirators provided false and misleading information, including denying their participation in the assaults, to conceal the conduct.

23. In further attempt to conceal the uses of force against C.W., members of the conspiracy instructed other co-conspirators not to "snitch" on those who were present in the medical examination room" and in further attempt to conceal the uses of force against C.W., members of the conspiracy falsely retracted prior statements made to Illinois State Police, including a previous statement made by a co-conspirator that he had witnessed **WILSON** strike C.W.

24. From on or about July 31, 2025, through in or about November 2025, in Lawrence County, within the Southern District of Illinois, and elsewhere,

**STEVEN WILSON,**

defendant herein, together with other employees of the Illinois Department of Corrections, both known and unknown to the Grand Jury, including but not limited to, Daniel Fitzjarrald, Craig Muhs, Dalton Shadle, Ethan Yates, and Jesse Newkirk, did knowingly and willfully conspire, combine, confederate, and agree with one another, while acting under color of law as employees of the Illinois Department of Corrections, to injure, oppress, threaten, and intimidate an inmate

identified herein as C.W. in the free exercise and enjoyment of rights secured to him by the Constitution of the United States, namely: the right to be free from cruel and unusual punishment; the right to be free from the use of unreasonable and excessive force; and the right to be free from deliberate indifference to serious medical needs, including the right to necessary medical evaluation and treatment for injuries sustained while in custody.

25. It was an object of the conspiracy for the defendant and his co-conspirators to deprive C.W. of his Eighth Amendment right to be free from cruel and unusual punishment.

26. It was an object of the conspiracy for the defendant and his co-conspirators to deprive C.W. of his Eighth Amendment right to adequate medical care for serious medical needs.

All in violation of Title 18, United States Code, Section 241.

## COUNT 2
**Deprivation of Rights Under Color of Law - Unlawful Use of Force**
**18 U.S.C. § 242**

1. Paragraphs 1 through 19 of Count 1 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2. On or about July 31, 2025, in Lawrence County, within the Southern District of Illinois,

**STEVEN WILSON,**

defendant herein, while acting under color of law, willfully deprived C.W. of the right, secured and protected by the Constitution and laws of the United States, to be free from cruel and unusual punishment by striking C.W., resulting in bodily injury to C.W.

All in violation of Title 18, United States Code, section 242.

## COUNT 3
**Deprivation of Rights Under Color of Law – Failure to Protect**
**18 U.S.C. § 242**

1. Paragraphs 1 through 19 of Count 1 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2. On or about July 31, 2025, in Lawrence County, within the Southern District of Illinois,

**STEVEN WILSON,**

defendant herein, while acting under color of law, willfully deprived C.W. of the right, secured and protected by the Constitution and laws of the United States, to be free from cruel and unusual punishment in the form of excessive force by correctional staff. Specifically, the defendant, an acting correctional sergeant, willfully failed to intervene to prevent or stop assaults on C.W. by fellow employees when he had an opportunity to do so, resulting in bodily injury to C.W.

All in violation of Title 18, United States Code, section 242.

## COUNT 4
**Deprivation of Rights Under Color of Law – Interference with Medical Care**
**18 U.S.C. § 242**

1. Paragraphs 1 through 19 of Count 1 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2. On or about July 31, 2025, in Lawrence County, within the Southern District of Illinois,

**STEVEN WILSON,**

defendant herein, while acting under color of law, willfully deprived C.W. of the right, secured and protected by the Constitution and laws of the United States, to be free from cruel and unusual

punishment in the form of deliberate indifference to serious medical needs while in custody, by participating in the transport through the medical station and falsely representing, and acquiescing in representations, to medical staff that C.W. declined treatment, thereby interfering in medical evaluation and care, resulting in bodily injury.

All in violation of Title 18, United States Code, section 242.

**A TRUE BILL**

[redacted]

Digitally signed by STEVEN WEINHOEFT
Date: 2026.03.15 14:11:35 -05'00'

**STEVEN D. WEINHOEFT**
United States Attorney

**KEVIN F. BURKE**
Assistant United States Attorney

Recommended Bond: Unsecured